**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



11 CIV 8135

LESTER LYNCH,

          Plaintiff,

    -against-

BOVIS LEND LEASE INC.,

          Defendant.

Civil Action No.

**NOTICE OF REMOVAL**

**TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**

    **PLEASE TAKE NOTICE** that Defendant Lend Lease (US) Construction LMB Inc.

f/k/a Bovis Lend Lease LMB, Inc. (improperly pleaded as Bovis Lend Lease Inc. and

hereinafter, "Lend Lease") hereby files this Notice of Removal of the above-captioned matter

from the Supreme Court of the State of New York, County of New York, Index No. 11/109032,

pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support, states:

    1.    This action was commenced against Lend Lease in the Supreme Court of the State

of New York, County of New York, Index No. 11/109032 on August 04, 2011 (the "State Court

action"). A true and correct copy of the Summons and Complaint are attached hereto as <u>Exhibit</u>

<u>A</u>.

    2.    The Summons and Complaint were served on Lend Lease on October 12, 2011.

Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) as this Notice of

Removal was filed within thirty (30) days after service of the Complaint on Lend Lease.

    3.    This action may be properly removed to the United States District Court pursuant

to 28 U.S.C. § 1441(b) because the Court has original federal question jurisdiction over it

pursuant to 28 U.S.C. § 1331. As set forth in the Complaint, Plaintiff alleges violations of 42

U.S.C. §§ 1985, 1986, and 2000e, as well as violations of the New York Executive Law and the Administrative Code of the City of New York. Plaintiff further alleges claims for breach of contract and promissory estoppel. See Exhibit A.

4. This Notice of Removal is being filed in the Southern District of New York, the district court of the United States for the district within which the State Court action is pending, and as required by 28 U.S.C. §§ 1441(a) and 1446(a).

5. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, in the form attached hereto as Exhibit B.

6. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Dated: New York, New York
November 10, 2011

GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Telephone (212) 613-2000
Facsimile (212) 554-9686
camalfe@gibbonslaw.com
pdugan@gibbonslaw.com
*Attorneys for Defendant*

By: _Christine Amalfe_
    Christine A. Amalfe
    Peter J. Dugan

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JURY TRIAL
DEMANDED

-----------------------------------------------------------X

LESTER LYNCH,

        Plaintiff,

           against -

BOVIS LEND LEASE INC.,

        Defendant.

-----------------------------------------------------------X

Index No:

SUMMONS

index: 109032/11

        YOU ARE HEREBY SUMMONED to serve a notice of appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated: August 2, 2011

           Miriam Zakarin, Esq.
           Attorney for Plaintiff
           Treuhaft & Zakarin LLP
           1011 Avenue of the Americas, 4fl
           New York, NY 10018
           212-725-6418



NEW YORK
COUNTY CLERKS OFFICE

AUG 4 2011

NOT COMPARED
WITH COPY FILED

JURY TRIAL
DEMANDED

-----------------------------------------------------------X

LESTER LYNCH,

Index No:

        Plaintiff,

VERIFIED COMPLAINT

        against -

BOVIS LEND LEASE INC.,

        Defendant.

-----------------------------------------------------------X

Plaintiff Lester Lynch ("Lynch" or "Plaintiff"), by and through his attorney, Miriam E. Zakarin,

Esq. for the firm of Treuhaft & Zakarin, LLP, as and for his Complaint against Defendant Bovis Lend

Lease ("Bovis " or "Defendant"), state and allege the following:

## NATURE OF THE ACTION

1. This is an action arising under the laws of the City of New York, The State of
New York, Federal Law and rights guaranteed by the United States Constitution
as well as Title VII of the Civil Rights Laws of 1964 seeking to redress the
personal injuries, and economic loss suffered by the plaintiff, Lester Lynch, as the
result of the unlawful discriminatory practices employed by the defendants
against him based on his race and the color of his skin. Plaintiff seeks damages for
violation of his Civil Rights, racial discrimination, unlawful harassment, breach of
contract, intentional infliction of emotional distress and negligent infliction of
emotional distress.

## PARTIES

2. At all times hereinafter mentioned, Plaintiff, LESTER LYNCH, was and still is a resident of Kings County in New York City, and resides at 25 Marlborough Road, Brooklyn, New York 11226.

3. At all times hereinafter mentioned, Defendant, BOVIS LEND LEASE INC. was and still is a corporation duly organized and existing under the laws of the State of New York.

4. At all times hereinafter mentioned, Defendant, BOVIS LEND LEASE INC. had and still has its principal place of business in New York City, located at 200 Park Ave, New York, New York 10166

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the claims set forth in this Verified Complaint is invoked pursuant to N.Y.C. Admin. Code § 8-101 *et seq.* and New York Civil Practice

6. BOVIS LEND LEASE INC is an employer within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 and employs more than four (4) people.

7. LESTER LYNCH hereby alleges that the amount in controversy exceeds the sum of $25,000, exclusive of interest and costs attendant to the litigation.

8. The jurisdiction over the parties is proper pursuant to CPLR § 301 as the plaintiff LESTER LYNCH resides in Kings County, New York City, BOVIS LEND LEASE maintains place of business within New York County, and the acts complained of were committed within New York County.

9. Venue is properly established in the Supreme Court of New York County pursuant to CPLR § 503(a) and (c) *et seq.*

10. A copy of this Verified Complaint has been served on the New York City Commission on Human Rights and the New York City Corporation Counsel, pursuant to N.Y.C. Admin. Code § 8-502(c).

## RELEVANT BACKGROUND

11. Defendant, BOVIS LEND LEASE INC. is a large <u>construction</u> management company duly organized and existing under the laws of the State of New York with its principal place of Business located at 200 Park Ave, New York, New York 10166.

12. <u>Defendant offered Plaintiff a position of Superintendant 1, which plaintiff accepted, and began working on May 14, 2007.</u>

13. Plaintiff is a Black Male.

14. At that time Plaintiff was hired, he had 15 years of experience as a union carpenter.

15. At all relevant times Plaintiff was employed by Bovis as a Superintendent 1, on several different construction projects.

16. Throughout the course of Plaintiff's employment, Plaintiff was and remained fully qualified for his position and performed his duties effectively, as confirmed by among other things, and by way of example, the regular salary promotions.

17. On multiple occasions during Plaintiff's employment, Plaintiff was mistreated by his supervisor Jonathon Kraft ("Kraft") based on his race.

18. Plaintiff did not complain about the mistreatment because he felt that would cause the mistreatment to intensify or he would be fired.

19. Plaintiff generally avoided contact with Kraft because of Kraft's mistreatment.

20. It is Bovis' policy and practice that employees undergo regular performance evaluations by their supervisors.

21. Kraft refused to schedule a performance evaluation for Plaintiff and Holness (another black male).

22. All other employees under Kraft's direction other than Plaintiff and Holness (a black male) had met with Kraft and had their performance evaluated.

23. On one occasion in August of 2009, Plaintiff justifiably arrived at the job site a few minutes late. Mr. Kraft approached Plaintiff and yelled at him in front of other employees and told Lynch that the policy was that employees of Bovis had to arrive a half hour before their shift began. Plaintiff began arriving a half an hour early for his shift, but Plaintiff noticed that other employees were not arriving a half hour before the shift began. Plaintiff sent out an email to the other shift employees and Kraft to clarify whether or not Bovis employees needed to arrive a half hour before their shift began. Mr. Kraft responded to the email with an answer that did not address Plaintiff's question.

24. On one occasion, Plaintiff stayed after his shift had ended in order to walk a DEP and Building inspector through the building. The building was issued citations for safety violations during this inspection because there were electric cables lying across the floor in a particular area. The next day Plaintiff had a walk through, with Jonathon Kraft, Steve Holness, Dennys Espinoza, and Larry Woods. During the walk through, Mr. Kraft verbally lashed out at Plaintiff, stating that was supposed to tell the inspectors that there was no problem. Kraft proceeded to be blame and degrade

Plaintiff in front of Plaintiff's co-workers and the generally passing public using profanity. Plaintiff did nothing to invite or incite this mistreatment.

25. During August of 2009, Plaintiff was working at 131 Liberty Street in lower Manhattan, also known as the Duetsche Bank Building, which was destroyed during the World Trade Center attacks and gained more notoriety when two New York City firemen perished in a fire while the remains of the building were being demolished.

26. Around August 21, 2009, Bovis began requiring that supervisors at the Duetsche Bank Building undertake fire safey guard duties and trained their supervisors to do as much.

27. Bovis did not provide Plaintiff or Holness (another Black supervisor) with training on how to document the fire safety rounds.

28. On September 18 2009, all of the site supervisors at the Duetsche Bank Building allegedly failed to properly document the fire safety rounds.

29. The white superintendents, who received training on fire safety documentation, were suspended with pay for two weeks .

30. Plaintiff, and the other superintendant who is black, who were not given training on fire safety documentation, were fired.under the pretense of not properly performing a task for which they had received no training and without any warning.

31. Plaintiff consistently performed at the highest level throughout his employment with Bovis.

32. Plaintiff was never the subject of a complaint or negative review while employed at Bovis.

33. Throughout the course of his employment, Plaintiff was required to extend even greater and more intense effort to survive in the discriminatory atmosphere that was created and perpetuated by Bovis than he would have had to if he was not a black male.

34. It was apparent to Plaintiff the he was held to different standards and was treated disparately in comparison to his Caucasian peers solely because he is a black male so that Plaintiff had to work harder to achieve the success that Bovis otherwise granted to Caucasians, and that the black employees at Bovis struggle for many years with being overlooked for advancement in favor of their Caucasian peers.

35. Plaintiff feared retaliation by his supervisors and it is for that reason he did not formally complain about the discriminatory treatment he suffered in the work place.

36. By condoning, perpetuating and encouraging the discriminatory environment in its workplace, Bovis discriminated against Lynch, a black male, by conferring greater opportunity and advancement within Bovis to Caucasians.

37. Bovis permitted and condoned, for a number of years, and environment to exist that was discriminatory towards Black employees, such as Plaintiff, by failing to remedy the endemic problem that existed in its workplace, of which Bovis was well aware, all of which resulted in his ultimate termination.

38. The individuals responsible for creating an environment where Blacks are routinely discriminated against with regard to advancement and hiring practices are those at the most senior levels of Bovis who make the hiring and advancement decisions at the most senior levels of the organization including but not limited to the individual serving as Chairman, President and Chief Executive Officer.

39. The example set by the senior most individuals at Bovis is echoed and followed throughout the organization.

40. Bovis senior management and management is comprised almost entirely of white men, a fact which is and always has been known and ignored by Bovis, as evidenced by at least the following among other things:

   • The principal Corporate Executives are comprised of almost entirely white males.

   • The Principal Operations Executives are comprised of entirely white males.

   • The CEO Council is comprised almost entirely of white males.

41. At all relevant times herein, Bovis maintained a workplace that favored White employees and discriminated against Blacks employees and them disparately.

42. Bovis treated Plaintiff disparately from his white co-workers, denying Plaintiff same treatment and opportunities and economic advancement based solely on his race.

43. The discriminatory conduct perpetrated against Plaintiff during the years of his employment ultimately resulted in his termination on September 21, 2009.

44. Had Plaintiff not been denied opportunities on a number of occasions during his employment due to Bovis's discriminatory bias solely based on Plaintiff's race, Plaintiff would not have been terminated while working on the Duetsche Bank Building Project.

45. For two years prior to his termination, Plaintiff was subjected to a discriminatory and hostile work environment, discriminatory standards and discriminatory employment

policies, all of which limited his advancement, and which ultimately culminated in Lynch's unlawful termination on September 21, 2010.

46. Plaintiff was ultimately terminated because of race-based discriminatory bias that existed in the work environment and limited his advancement and caused him to be in a position from which he was ultimately terminated on September 21, 2009.

47. Had Plaintiff not been discriminated against during his employment with Bovis, and therefore, denied opportunities, Plaintiff would have been accepted to work on other job sites, and would have moved forward with his career and would not have been subject to termination.

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF LYNCH AGAINST BOVIS FOR RACE DISCRIMINATION IN VIOLATION OF CHAPTER I, TITLE 8, §8-107(1)(a) OF THE ADMINISTATIVE CODE OF THE CITY OF NEW YORK

48. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 50 of this Complaint, as though fully set forth at length herein.

49. The acts which constitute and form this cause of action were perpetrated upon Lynch while he was in the course of his employment with Bovis and while he was protected under the New York City Human Rights Law because of his race.

50. Up to the time of the wrongful, unlawful, and discriminatory termination alleged herein, which was an adverse employment action, Plaintiff was fully qualified for his position and performed his duties in a fully satisfactory fashion and was in a position to continue doing so for the remainder of his career.

51. Given the circumstances surrounding Plaintiff's termination, including but not limited to the fact that, among other things, the manner in which Plaintiff was treated in comparison to his non-black co-workers, one can reasonably conclude that Plaintiff was terminated under circumstances giving rise to an inference of race discrimination.

52. Bovis condoned discriminatory behavior on the part of Bovis's senior personnel by, among other things, failing to provide Lynch with a workplace free of discrimination and refusing to take any action to prevent or remedy the discriminatory workplace that existed.

53. The facts contained herein constitute unlawful discrimination against Plaintiff by Bovis, based on Lynch's race, in violation of Chapter I Title 8 of the Administrative Code of the City of New York, §8-107(1)(a) ("the New York City Human Rights Law"), which, *inter alia*, states that:

"It shall be unlawful discriminatory practice …[f]or an employer or an employee or agent thereof, because of the actual or perceived …race ….of any person….to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

54. As a direct and proximate result of Bovis's violation of the New York City Human Rights Law, Bovis is liable to Plaintiff pursuant to §8-502(a) of said statute for "damages including punitive damages," based on the lodestar method, as has been judicially established and accepted as a means of calculating attorney's fees, when they are properly available under the law, as they are here, and for pre-judgment interest.

55. In addition to being adversely affected in his employment and suffering a significant loss of income and benefits, Plaintiff has been irreparably personally and professionally humiliated, demeaned and degraded, all of which has been caused by Bovis's unlawful conduct due to discrimination based on Plaintiff's race, in violation of Plaintiff's human rights.

56. As a direct and proximate result of Bovis's conduct complained of herein, and as alleged in this cause of action, as well as the conduct set forth in this Complaint, Plaintiff has suffered damages, injuries, and losses, both actual and prospective, which include the damage to his career and the emotional pain and suffering Lynch has been caused to suffer.

## AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST BOVIS FOR RACE DISCRIMINATION IN VIOLATION OF NEW YORK EXECUTIVE LAW § 296

57. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 61 of this Complaint, as though fully set forth at length herein.

58. Defendant constitutes an employer within the meaning of the New York Executive Law § 296

59. New York Executive Law § 296 protects employees from discrimination and disparate treatment, based on race

60. Plaintiff were subject to racial discrimination by his white supervisors.

61. Defendant lacks any substantial reason to justify firing Plaintiffs.

62. The acts and events described above constitute unlawful discrimination and disparate treatment based on gender in direct contravention New York Executive  Law § 296.

72. As a result of defendant's violation of New York City Commission on Human Rights Section, plaintiff suffered severe humiliation and emotional distress.

73. As a result of defendant's violation of New York City Commission on Human Rights Section, plaintiff suffered damage to his professional reputation.

74. As a result of defendant's violation of New York City Commission on Human Rights Section, plaintiff suffered economic damage, emotional harm and physical injuries.

## AS AND FOR THE FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST BOVIS FOR RACE DISCRIMINATION UNDER 42 USC 1985

75. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 77 of this Complaint, as though fully set forth at length herein

76. The acts and conduct Bovis, as aforesaid, constitute a violation of 42 USC Section 1985.

77. As a result of defendant's violation of 42 USC Section 1985 plaintiff suffered severe humiliation, emotional distress and physical injuries.

78. As a result of defendant's violation of 42 USC Section 1985, plaintiff suffered damage to his professional reputation.

## AS AND FOR THE SIXTH OF ACTION ON BEHALF OF PLAINTIFF AGAINST BOVIS FOR RACE DISCRIMINATION UNDER 42 USC 1986

79. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 81 of this Complaint, as though fully set forth at length herein

80. The acts and conduct Bovis, as aforesaid, constitute a violation of 42 USC Section 1986.

81. As a result of defendant's violation of <u>42 USC Section 1986</u> plaintiff suffered severe humiliation, emotional distress and physical injuries.

82. As a result of defendant's violation of <u>42 USC Section 1986</u>, plaintiff suffered damage to his professional reputation.

## AS AND FOR THE SEVENTH OF ACTION ON BEHALF OF PLAINTIFF AGAINST BOVIS FOR RACE DISCRIMINATION UNDER 42 USC 200(e)

83. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 85 of this Complaint, as though fully set forth at length herein.

84. The acts and conduct Bovis, as aforesaid, constitute a violation of 42 USC 200(e)

85. As a result of defendant's violation of 42 USC 200(e) Plaintiff suffered severe humiliation, emotional distress and physical injuries.

86. As a result of defendant's violation of 42 USC 200(e), plaintiff suffered damage to his professional reputation.

## AS AND FOR THE EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST BOVIS FOR BREACH OF CONTRACT

87. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 89 of this Complaint, as though fully set forth at length herein.

88. Defendants materially breached their employment contract with Plaintiff.

89. Defendants' breach of this contract has caused economic damages to Plaintiff.

90. Defendant's breach of this contract has caused plaintiff to suffer economic damage, emotional injury and physical harm.

## AS AND FOR THE NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

## AGAINST BOVIS FOR PROMISSORY ESTOPPEL

91. Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 93 of this Complaint, as though fully set forth at length herein.

92. Defendants clearly and unambiguously made a number of promises to the plaintiff in their employment contract.

93. Plaintiff reasonably and foreseeably relied on these promises when he entered into this contract and forego other employment

94. Plaintiff has suffered injury, rising to the level of unconscionable injury, in reliance of defendants' promises.

95. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Bovis on the first cause of action in the sum of Five Million Dollars ($5,000,000) in compensatory damages, and the additional and further sum of Fifteen Million Dollars ($15,000,000) for punitive damages, for a total of Twenty Million Dollars ($20,000,000), plus the costs of this action, as well as reasonable attorney's fees as is permitted under the law, pre-judgment interest, and for such other relief as this Court deems just and proper.

## JURY TRIAL

96. Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 2, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X
LESTER LYNCH,                                              Index No:

        Plaintiff,

        against -                                 **VERIFICATION**

BOVIS LEND LEASE INC.,

        Defendant.
----------------------------------------------------------X


STATE OF NEW YORK      )
                        )   ss:
COUNTY OF NEW YORK  )

LESTER LYNCH being duly sworn, says:

    I am the Plaintiff in the within action. I have read the foregoing Complaint and I know the contents thereof; the same is true to my knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true.

                            _____
                            LESTER LYNCH

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

LESTER LYNCH,

Plaintiff,

-against-

BOVIS LEND LEASE INC.,

Defendant.

Index No. 11/109032

**NOTICE OF FILING NOTICE OF
REMOVAL**

TO: Miriam Zakarin, Esq.
Treuhaft & Zakarin LLP
1011 Avenue of the Americas, 4th Fl.
New York, New York 10018
Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that Defendant Lend Lease (US) Construction LMB Inc.

f/k/a Bovis Lend Lease LMB, Inc. (improperly pleaded as Bovis Lend Lease Inc. and

hereinafter, "Lend Lease") in the above-captioned action has on this day filed a Notice of

Removal, a copy of which is attached hereto as Exhibit A, in the Office of the Clerk of the

United States District Court for the Southern District of New York. You are also advised that

Bovis Lend Lease Inc., upon filing of said Notice of Removal, filed a copy of the Notice with the

Clerk of the Supreme Court of the State of New York, County of New York, which has effected

this removal in accordance with 28 U.S.C. § 1446(d).

Dated: New York, New York
November 10, 2011

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Telephone (212) 613-2000
Facsimile (212) 554-9686
camalfe@gibbonslaw.com
pdugan@gibbonslaw.com
*Attorneys for Defendant*

By: _Christine Amalfe_
Christine A. Amalfe
Peter J. Dugan